**Anthony W. HIRACHETA, Jr.,
Petitioner–Appellant,**

v.

**ATTORNEY GENERAL OF THE STATE OF CALIFORNIA; Joe McGrath, Warden, Respondents.**

No. 03–16295.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 16, 2004.

Decided Aug. 12, 2004.

David Alkire, Esq., Nevada City, CA, for Petitioner–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

1. 18 U.S.C. § 3161(h)(1)(F).

2. *United States v. Daychild,* 357 F.3d 1082, 1095 (9th Cir.2004).

3. *See id.*

4. *United States v. Aviles–Alvarez,* 868 F.2d 1108, 1112 (9th Cir.1989).

5. Fed.R.Evid. 901(a), (b)(5).

938

Anthony W. Hiracheta, Jr., Pelican Bay State Prison, Cresent City, CA, pro se.

Alan Ashby, DAG, Robert R. Anderson, Depty Atty Gen, Aaron R. Maguire, Office of the California Attorney General, Sacramento, CA, for Respondents.

Before: FERNANDEZ and PAEZ, Circuit Judges, and WEINER, Senior District Judge.*

## MEMORANDUM **

Anthony W. Hiracheta, Jr. appeals the district court's order denying his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction pursuant to 28 U.S.C. § 2253(a), and we affirm.

The district court did not err when it determined that the state trial court's admission of alleged accomplice Johnny Flores' out of court confession did not violate Petitioner's Sixth Amendment right to confrontation. The admission of the evidence, which inculpated only Flores and not the petitioner, was not contrary to, nor an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States in *Ohio v. Roberts*, 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980) (holding that no Confrontation Clause violation arises from the admission of a witness' testimony from a preliminary hearing, where witness is unavailable for trial and the testimony bore adequate "indicia of reliability") and *Lilly v. Virginia*, 527 U.S. 116, 134, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999) (holding that accomplice confessions that "inculpate a criminal defendant are not within a firmly rooted exception to the hearsay rule as that concept has been defined in our Confrontation Clause jurisprudence"). While the Supreme Court has recently held that evidence admitted under these circumstances would not comply with the Sixth Amendment, *see Crawford v. Washington*, — U.S. ——, 124 S.Ct. 1354, 1369, 158 L.Ed.2d 177 (2004) (holding that the framers of the Confrontation Clause would not have allowed admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had a prior opportunity for cross-examination), applying the analysis of *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), the new rule articulated in *Crawford* is procedural in nature and does not apply retroactively to Petitioner's collateral attack on his conviction. *See Crawford*, — U.S. at ——, 124 S.Ct. at 1370 ("To be sure the [Confrontation] Clause's ultimate goal is to ensure reliability of evidence, but it is a procedural rather than a substantive guarantee."); *see also Evans v. Luebbers*, 371 F.3d 438, 444 (8th Cir.2004) (holding that "the *Crawford* Court did not suggest that this doctrine would apply retroactively and the doctrine itself does not appear to fall within either of the two narrow exceptions to *League v. Lane's* non-retroactivity doctrine.").

AFFIRMED.

---

* The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36-3.