Marvin Howard BOCKTING,
Petitioner–Appellant,

v.

Robert BAYER, Respondent–Appellee.

No. 02–15866.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 14, 2004.

Filed Feb. 22, 2005.

Amended June 1, 2005.

Franny A. Forsman, Federal Public Defender, Las Vegas, NV, for the appellant.

Victor–Hugo Schulze II, Deputy Attorney General, Las Vegas, NV; Rene L. Hulse, Deputy Attorney General, Las Vegas, NV, for the appellee.

Before WALLACE, NOONAN, and McKEOWN, Circuit Judges.

### ORDER

The opinion filed February 22, 2005, slip op.1991, and appearing at 399 F.3d 1010 (9th Cir.2005), is amended as follows:

At 399 F.3d 1022, slip op.2012, strike the last paragraph of Part II. Substitute the following paragraph:

The final question is whether admission of Autumn's statement "had substantial and injurious effect or influence in determining the jury's verdict." *See Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). The detective's testimony regarding Autumn's interview was a critical piece of evidence, particularly in view of Autumn's inconsistent testimony at the preliminary hearing, and weaknesses in Laura Bockting's testimony. Even if Autumn's statement to the mother was, for argument's sake, considered admissible, the detective's description of Autumn's interview was so significant as corroborating evidence that its admission had a substantial and injurious effect or influence in determining the jury's verdict. Thus, the admission of Autumn's statement requires reversal.

The petition for panel rehearing is DENIED. The petition for rehearing en banc is pending before the Court. No further petitions may be filed.