**Stephen DANFORTH, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. A04–1993.

Court of Appeals of Minnesota.

July 26, 2005.

Stephen Danforth, Bayport, MN, pro se appellant. Mike Hatch, Attorney General, St. Paul, MN; and Amy Klobuchar, Hennepin County Attorney, Michael K. Walz, Assistant Hennepin County Attorney, Minneapolis, MN, for respondent.

Considered and decided by RANDALL, Presiding Judge, KALITOWSKI, Judge, and FORSBERG, Judge.

## OPINION

FORSBERG, Judge.[*]

Appellant moved for postconviction relief under *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). The district court denied his motion, and he appeals from that denial.

## FACTS

At the trial of appellant Stephen Danforth in 1996, the jury was shown a videotaped interview of a child victim who had been ruled unavailable to testify and whom appellant had never had the opportunity to cross-examine. The jury found appellant guilty of first-degree criminal sexual conduct. His conviction became final[1] on

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

1. *See O'Meara v. State,* 679 N.W.2d 334, 339 (Minn.2004) (conviction is final when "judgment of conviction has been rendered, the availability of appeal exhausted, and the time

July 28, 1999, when the supreme court denied review of this court's decision affirming appellant's sentence on remand. *State v. Danforth*, No. C5-98-2054 (Minn. App. May 4, 1999), *review denied* (Minn. July 28, 1999).

In 2004, the Supreme Court released *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177 (2004) (holding that testimonial hearsay is inadmissible unless declarant is unavailable and defendant had prior opportunity to cross-examine declarant). Appellant moved for postconviction relief on the ground that *Crawford* invalidates his conviction. The district court denied his motion, and he appeals.[2]

## ISSUE

Does *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), apply retroactively?

## ANALYSIS

 This court reviews the issue of retroactive application de novo. *State v. Petschl*, 692 N.W.2d 463, 470 (Minn.App. 2004) (citing *State v. Costello*, 646 N.W.2d 204, 207 (Minn.2002)), *review denied* (Minn. Jan. 20, 2005). The retroactive application of *Crawford* is a case of first impression in Minnesota.[3]

Retroactivity with regard to cases on collateral review is governed by *Teague v. Lane*, which sets forth two exceptions to the general principle that defendants whose convictions are final at the time a new rule of law is announced may not avail themselves of the new rule. 489 U.S. 288, 310-12, 109 S.Ct. 1060, 1075-76, 103 L.Ed.2d 334 (1989). The two exceptions are cases that place particular kinds of conduct beyond the proscriptive power of lawmaking authority and cases that set out "watershed" rules of criminal procedure. *Id.* at 311-12, 109 S.Ct. at 1075-76. Five of the six federal circuit courts that have considered the retroactive application of *Crawford* in light of *Teague* have held that *Crawford* does not apply retroactively: *Murillo v. Frank*, 402 F.3d 786, 789-90 (7th Cir.2005); *Dorchy v. Jones*, 398 F.3d 783, 788 (6th Cir.2005); *Mungo v. Duncan*, 393 F.3d 327, 336 (2d Cir.2004), *cert. denied,* — U.S. —, 125 S.Ct. 1936, 161 L.Ed.2d 778 (2005); *Brown. v. Uphoff,* 381 F.3d 1219, 1227 (10th Cir.2004); *Evans v. Luebbers,* 371 F.3d 438, 444 (8th Cir.2004), *cert. denied,* — U.S. —, 125 S.Ct. 902, 160 L.Ed.2d 800 (2005). We find the analyses in these cases persuasive.

*Murillo* concluded "that Crawford establishes a new rule" but held that the rule was not "a fundamental rule essential to a fair and accurate trial." 402 F.3d at 790. *Murillo* provided two reasons for that holding. First, *Crawford* gives defendants the right to insist on live testimony even

---

for a petition for certiorari elapsed or a petition for certiorari finally denied").

**2.** Appellant also moved for resentencing on the ground that *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), applies retroactively. The district court denied the motion. Because appellant's argument was explicitly rejected in *State v. Petschl*, 692 N.W.2d 463, 472 (Minn.App. 2004) (holding that *Blakely* "is not a watershed rule subject to retroactive application on collateral review"), *review denied* (Minn. Jan. 20, 2005), we affirm that denial.

**3.** We note that, in light of *Crawford,* appellant was granted permission to move for reconsideration of the federal district court's determination that his Confrontation Clause rights were not violated by admitting at trial the videotaped interview of the child. *See Danforth v. Crist,* 2004 WL 1630830 (D.Minn. July 14, 2004), *reconsideration granted in part by* 2005 WL 1041491 *2 (D.Minn. Mar.18, 2005). At filing time, federal action remains pending.

when available hearsay is trustworthy and "is not an indispensable innocence-protecting decision" that would apply retroactively. *Id.* at 790–91. Second, a violation of the Confrontation Clause, unlike a violation of "a truly vital rule of criminal procedure, such as entitlement to counsel," is subject to a harmless-error analysis; therefore, "*Crawford* cannot have established the sort of indispensable doctrine that applies retroactively even to closed cases." *Id.* at 791.

*Dorchy* cited *Teague* for the proposition that "[u]nder most circumstances ... newly promulgated rules of criminal procedure do not apply retroactively to cases on collateral review" and concluded simply that "*Teague* thus prohibits [the defendant] from availing himself of the new rule articulated in *Crawford.*" *Dorchy,* 398 F.3d at 788.

*Mungo* noted that, because *Crawford* will bar both "unreliable" and "highly reliable testimonial out-of-court statements," it will both "improve ... [and] impair the accuracy of the factfinding process." *Mungo,* 393 F.3d at 335–36. "Because *Teague's* test of a watershed rule requires improvement in the accuracy of the trial process overall, we conclude that *Crawford* is not a watershed rule." *Id.* at 336.

*Brown* concluded that because *Crawford* "merely sets out new standards for the admission of certain kinds of hearsay" and because "Confrontation Clause violations are subject to harmless error analysis and thus may be excused ... [i]t would ... be difficult to conclude that the rule in *Crawford* alters rights fundamental to due process." *Brown,* 381 F.3d at 1226–27.

Finally, *Evans* found that *Crawford* would not apply retroactively because "the *Crawford* court did not suggest that this doctrine would apply retroactively and the doctrine itself does not appear to fall within either of the two narrow exceptions to *Teague v. Lane's* non-retroactivity doctrine." *Evans,* 371 F.3d at 444; *see also Ferguson v. Roper,* 400 F.3d 635, 639 n. 3 (8th Cir.2005) (citing *Evans* for proposition that *Crawford* doctrine does not fall within *Teague* exceptions).

Only the ninth circuit, in *Bockting v. Bayer,* 399 F.3d 1010 (9th Cir.2005), *amended by* 408 F.3d 1127 (9th Cir.2005), has held that *Crawford* applies retroactively. We find this opinion unpersuasive, as did the seventh circuit, which stated:

> The three judges in *Bockting* wrote separately. [One judge] concluded that *Crawford* applies on collateral review because it did not change the law. [Another judge] concluded that *Crawford* did change the law, and changed it so dramatically that it established a "watershed rule" that applies retroactively. [A third judge] agreed ... that *Crawford* changed the law but ... saw [it] as an ordinary development in criminal procedure that like almost all other such changes applies prospectively.

*Murillo,* 402 F.3d at 789–90; *see also Ferguson,* 400 F.3d at 639 n. 3 (citing *Hiracheta v. Attorney Gen. of Cal.,* 105 Fed. Appx. 937, 938 (9th Cir.2004), for proposition that *Crawford* is not retroactive).

Thus, the weight of authority from the six circuits that have addressed the issue clearly supports the view that *Crawford* does not have a retroactive application.

## DECISION

In light of holdings that *Crawford* does not apply retroactively from the second, sixth, seventh, eighth, and tenth circuits, we conclude that the district court correctly denied appellant's motion for postconviction relief.

**Affirmed.**