CRAWFORD, Judge
(concurring in part and dissenting in part):
I concur with the majority as to Issue I and III and dissent as to Issue IV. See my *113 dissent in United States v. Walters, 58 M.J. 391, 397 (C.A.A.P.2003) (Crawford, C.J., dissenting).
As to Issue II, I concur in the result. At the outset, I note that this case was tried before the decision in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Thus, the initial question raised by this appeal is whether Crawford applies retroactively. Federal courts that have considered the question of Crawford retroactivity have done so in the context of a habeas petition. Cf. Bockting v. Bayer, 399 F.3d 1010 (9th Cir.2005); Evans v. Luebbers, 371 F.3d 438 (8th Cir.2004); Hiracheta v. Attorney Gen. of California, 105 Fed.Appx. 937 (9th Cir.2004). For purposes of this opinion I would assume retroactivity, without deciding, and hold that Crawford is not applicable because there was no active police involvement to obtain evidence for trial. I would also rely upon the language of the Crawford opinion itself in conducting the legal analysis to support this holding.
For more than two decades, prior to Crawford, the Court held that a declarant’s out of court statement could be admitted under a hearsay exception if (1) the declarant was unavailable at trial and (2) the prosecution could demonstrate indicia of reliability or that the statement was “firmly rooted.” Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). However, in Crawford, the Court held that “testimonial” hearsay statements may not be admitted unless the witness is available to testify and the defendant has the opportunity for cross-examination.
Crawford does not do away with the foundational requirements under the Military Rules of Evidence and does not change the hearsay rules. Crawford is “fundamentally about the hearsay rules” and not about offering statements other than for the truth of the matter stated or asserted. Id. at 59 n. 9,124 S.Ct. 1354. The one thing we can say is that Crawford will not apply where the declarant is available and there is an opportunity for cross-examination.
What is testimonial? In Crawford, the Court noted that “[v]arious formulations of this core class of ‘testimonial’ statements exist.” Crawford, 541 U.S. at 51, 124 S.Ct. 1354. The Court expressly stated “[w]e leave for another day any effort to spell out a comprehensive definition of ‘testimonial.’” Id. at 68, 124 S.Ct. 1354. In determining what is testimonial the Court identified three “formulations of [the] core class of testimonial statements”:
[(1)] Ex parte in-court testimony or its functional equivalent — that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially; [(2)] extrajudicial statements ... contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions; [(3)] statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.
Id. at 51-52, 124 S.Ct. 1354 (citations and quotation marks omitted).
We need not decide which of these categories, if any, apply. Certainly statements made by Appellant’s spouse in this case are not the type of “interrogations by law enforcement officers” that would constitute “testimonial” evidence within the meaning of Crawford.