**Sandro SALAS, Petitioner–Appellant,**

v.

**A. LAMARQUE, Warden, Respondent–Appellee.**

No. 04–55861.

United States Court of Appeals, Ninth Circuit.

Submitted June 7, 2006.*

Filed Sept. 5, 2006.

Sandro Salas, Soledad, CA, pro se.

Michael W. Whitaker, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

BEFORE: THOMAS and GOULD, Circuit Judges, and SCHWARZER,** Senior District Judge.

## MEMORANDUM ***

Sandro Salas appeals from the district court's denial of his petition for a writ of habeas corpus. We issued a certificate of appealability on two issues: (1) whether the introduction of the preliminary hearing testimony of Jacqueline Velasquez violated Salas's confrontation rights; and (2) whether the exclusion of a hearsay statement made by Velasquez violated Salas's right to present a defense. Because the decision of the California Court of Appeal was not contrary to, or an unreasonable application of federal law, we affirm the denial of the petition. We restate the facts only as necessary to explain our reasoning.

### I.

This Court reviews a district court's denial of a petition for habeas corpus de novo. *Riley v. Payne*, 352 F.3d 1313, 1317 (9th Cir.2003). "In conducting that review, we look to 'the last reasoned state-court decision.'" *Davis v. Grigas* 443 F.3d 1155, 1158 (9th Cir.2006) (quoting *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir.2003)). Under 28 U.S.C. § 2254(d)(1), a writ of habeas corpus may be granted only if the state court ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Riley*, 352 F.3d at 1317.

### II.

The confrontation clause prohibits the introduction, at trial, of preliminary hearing testimony unless the witness is unavailable and the defendant had a prior opportunity for cross-examination. *Crawford v. Washington*, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).[1] Salas argues that he did not have an adequate opportunity for cross-examination of Velasquez at the preliminary hearing because Proposition 115, codified at California Penal Code § 866(b), forbids questioning on discovery matters at a preliminary hearing. The California Court of Appeal rejected the argument, stating that Proposition 115 did not displace the provisions of California Evidence Code § 1291(a)(2), which governs the admission of prior testimony and requires unavailability and "the right and opportunity to cross-examine the declarant with an interest and motive similar to that" at trial. Moreover, the appellate court noted that the trial court precluded as improper discovery only a single question, which was whether Velasquez knew how to find an individual she knew as "Nacho." Salas does not address, much less challenge, the Court of Appeal's determination that "he was provided—and made

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The state argues that *Crawford* should not be applied retroactively to Salas's claim. We found *Crawford* to be retroactive in *Bockting v. Bayer*, 399 F.3d 1010, 1012–13, *amended*, 408 F.3d 1127 (9th Cir.2005), and that decision is controlling here even though the Supreme Court recently granted certiorari in that case, *Whorton v. Bockting*, —— U.S. ——, 126 S.Ct. 2017, 164 L.Ed.2d 778 (2006). However, the result reached here is the same regardless of the retroactivity as the same requirements governed the admissibility of preliminary hearing testimony before *Crawford*. *See Ohio v. Roberts*, 448 U.S. 56, 65–66, 74–75, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980); *Windham*, 163 F.3d at 1102.

use of—a full opportunity to cross-examine Velasquez at the preliminary hearing." The transcript of the preliminary hearing testimony contains fifty-five pages of cross-examination in which Salas questioned Velasquez about a wide range of potentially impeaching topics. Salas has not demonstrated that the state court's decision was contrary to or an unreasonable application of federal law.

### III.

In this appeal, Salas raises a second confrontation clause issue: whether his right to confront Velasquez was violated because Velasquez's unavailability was not established. While this issue is arguably within the language of the Certificate of Appealability, we do not address it for two reasons. First, it is a claim raised for the first time on appeal, and is therefore waived. *Young v. Runnels*, 435 F.3d 1038, 1044 (9th Cir.2006) ("Assuming *arguendo* that the Certificate of Appealability encompasses this claim, Young has waived it by failing to raise it before the District Court."). Second, this is an unexhausted claim that was not raised in state court.[2]

### IV.

Salas argues that the exclusion of Velasquez's out-of-court statement to Christina Sauceda violated Salas's right to present a defense. Sauceda saw Velasquez outside the courtroom during jury selection (prior to Velasquez's disappearance) and asked her "why don't you just tell the truth?" Velasquez responded either "yes" or "I can't."[3] The Court of Appeal concluded that Velasquez's statement was so ambiguous as to lack probative value, and even if there was error, the exclusion of the statement did not adversely affect Salas's rights.

We apply a five-factor balancing test to evaluate whether the "exclusion of evidence reaches constitutional proportions":

> (1) the probative value of the excluded evidence on the central issue; (2) its reliability; (3) whether it is capable of evaluation by the trier of fact; (4) whether it is the sole evidence on the issue or merely cumulative; and (5) whether it constitutes a major part of the attempted defense.

*Tinsley v. Borg*, 895 F.2d 520, 530 (9th Cir.1990). The importance of the evidence must also be balanced against the state's interest in exclusion, which is reflected in evidentiary rules granting the trial judge discretion to admit or exclude ambiguous evidence. *Id* at 530–31. Applying these factors here, and considering the ambiguous nature of the statement, Salas has not shown that the appellate court's decision was contrary to or an unreasonable application of federal law.[4]

**AFFIRMED.**

---

**2.** Because it is a colorable claim, we cannot deny this unexhausted claim on the merits pursuant to the 28 U.S.C. § 2254(b)(2) exception. *See Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir.2005) ("a federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim").

**3.** During the sidebar, Salas's counsel stated that the response was "yes," but the trial judge's later statements described the response as "I can't."

**4.** Salas also complains of a constitutional violation when the trial court overruled his objection to the admission, during an officer's cross-examination, of a statement by Velasquez that she feared for her life. This issue was not certified for appeal, was not raised before the district court, and was not exhausted before any state court. Therefore, we do not address it.