**James Leroy JEFFERSON, Petitioner–Appellant,**

v.

**A.K. SCRIBNER, Respondent–Appellee.**

No. 03–56903.

United States Court of Appeals, Ninth Circuit.

Argued Jan. 12, 2005.

Submitted March 13, 2007.

Filed March 14, 2007.

James Leroy Jefferson, Corcoran, CA, pro se.

Shakti Murthy, Esq., Santa Monica, CA, for Petitioner–Appellant.

Robert M. Foster, Esq., William M. Wood, Esq., AGCA—Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

ed by 9th Cir. R. 36–3.

Before: REINHARDT, GOULD, CLIFTON, Circuit Judges.

## SUPPLEMENTAL MEMORANDUM *

On February 1, 2005, we affirmed the district court's order dismissing Jefferson's habeas petition in a memorandum disposition on the basis of the sole certified issue of juror prejudice. *Jefferson v. Scribner,* 121 Fed.Appx. 225 (9th Cir. 2005). A copy of that disposition is attached hereto and incorporated herein. On February 23, 2005, however, we recalled the mandate, and on August 26, 2005, we granted Jefferson's motion to expand the certificate of appealability and requested supplemental briefing on the following question: "Whether the introduction of the victim's out-of-court statements as evidence against Petitioner violated his Sixth Amendment right to confrontation?" [1]

In his supplemental brief, Jefferson argues that the admission of out-of-court testimonial statements violated his rights under the Confrontation Clause, as interpreted by *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), and that, based on our holding in *Bockting v. Bayer,* 399 F.3d 1010, *as amended,* 408 F.3d 1127 (9th Cir.2005), the new rule adopted in *Crawford* applies retroactively to Jefferson's collateral proceeding. He also argues that the victims' statements were not admissible based on pre-*Crawford* Confrontation Clause principles because the statements lacked reliability. Subsequent to our receipt of the supplemental briefing, the Supreme Court granted a writ of certiorari in *Bockting,*

and we deferred submission of the case pending the Supreme Court's determination.

On February 28, 2007, the Supreme Court reversed our decision in *Bockting,* and held that *Crawford* is not "retroactive to cases already final on direct review." *Whorton v. Bockting,* — U.S. —, 127 S.Ct. 1173, 1177, 167 L.Ed.2d 1 (2007). Because direct review of Jefferson's conviction became final prior to *Crawford,* we cannot retroactively apply *Crawford* to Jefferson's Confrontation Clause claim. *Id.*

Applying the rules set forth by the Court prior to *Crawford,* we hold that the state court's conclusion that Newell's statements—uttered after he was shot by Jefferson and while he was still badly bleeding—qualified as spontaneous statements that are reliable and satisfy the Confrontation Clause, was not contrary to or an unreasonable application of "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see also White v. Illinois,* 502 U.S. 346, 355–56 n. 8, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992) (stating that the spontaneous statement hearsay exception is "firmly rooted," and, therefore, testimony admitted under this exemption satisfies the Confrontation Clause's reliability requirement).

Accordingly, the district court's denial of the petition is

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. On November 17, 2005, Judge Gould was drawn as a replacement on the panel for Hon. Charles R. Weiner, Senior District Judge for the Eastern District of Pennsylvania, who sat by designation on the panel that heard arguments on January 12, 2005 and filed the February 1, 2005 memorandum, but is now deceased.