MEMORANDUM **
James Stringer, a state prisoner, petitions for review of the district court’s denial of his Petition for a Writ of Habeas Corpus. Stringer was convicted in the California Superior Court of one count of second degree murder, Cal-Penal Code § 187; one count of assault with a firearm, id. § 245(a)(2); and one count of being an ex-felon in possession of a firearm, id. § 12021(a). The jury also found true several enhancements for use of a firearm. Stringer was sentenced to a term of imprisonment of seventeen years to life.[1] We have jurisdiction pursuant to 28 U.S.C. § 2258(a), and we affirm.
Because Stringer’s claims are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”), habeas relief may be granted only upon a finding that the last reasoned state court decision rejecting Stringer’s claims “was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d); see Avila v. Galaza, 297 F.3d 911, 917-18 (9th Cir. 2002). We review de novo the district court’s denial of the petition. See Arredondo v. Ortiz, 365 F.3d 778, 781 (9th Cir.2004).
None of Stringer’s claims warrants habeas relief under AEDPA. Stringer has failed to meet the “heavy burden” of showing that there was insufficient evidence presented to the jury to support his second degree murder conviction.[2] Juan H. v. Allen, 408 F.3d 1262, 1274 (9th Cir.2005). A rational trier of fact could have found beyond a reasonable doubt that the killing of Howard Morris by codefendant Curtis Howard was a natural and probable consequence of the assault on LaMarr Morris, which had occurred approximately twenty minutes earlier. See Jackson v. Virginia, 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); see also People v. Prettyman, 14 Cal.4th 248, 58 Cal.Rptr.2d *384 827, 926 P.2d 1013, 1024-25 (1996). The prosecution largely relied on circumstantial evidence to prove that Morris’s killing was reasonably foreseeable. We must presume that the trier of fact resolved conflicting inferences in favor of the prosecution. Jackson, 443 U.S. at 326, 99 S.Ct. 2781. Therefore, the California Court of Appeal’s decision was not an “objectively unreasonable” application of Jackson to the facts of this case.[3] Juan H., 408 F.3d at 1275 n. 13.
Nor was the Court of Appeal’s decision rejecting Stringer’s Confrontation Clause claim an objectively unreasonable application of the then-applicable Lilly/Roberts test. The trial court admitted out-of-court statements made by codefendant Cherie Lee Forstein, concluding that they fell within the firmly rooted state of mind exception to the hearsay rule. Cal. Evid.Code § 1250; see People v. Morales, 48 Cal.3d 527, 257 Cal.Rptr. 64, 770 P.2d 244, 257 (1989). Admission of hearsay evidence was governed by Lilly v. Virginia, 527 U.S. 116, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999), which followed Ohio v. Roberts, 448 U.S. 56,100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), abrogated by Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).[4] The statements were offered to prove Forstein’s intent, plan, or motive prior to the assault and shooting incidents, and the sheer volume and consistency of the statements supported their trustworthiness; therefore, it was not unreasonable to conclude that the statements were properly admitted.
The Court of Appeal’s decision upholding the trial court’s admission of edited tape recordings of Forstein’s messages was not contrary to or an unreasonable application of established Supreme Court precedent, see California v. Trombetta, 467 U.S. 479, 485-91, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984); Chambers v. Mississippi, 410 U.S. 284, 294-98, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), nor was it based on an unreasonable determination of the facts in light of the evidence presented. Stringer failed to demonstrate that the trial court’s refusal to admit the entire 144-page unedited transcript rose to the level of a due process violation. Stringer does not even clarify which additional portions of the transcript should have been included. The trial court gave Stringer an opportunity to specify any other portions he wanted admitted, but Stringer declined to do so. Moreover, some of the messages were unduly prejudicial, see id. § 352; some were interrupted by time, see id. § 352; see also People v. Breaux, 1 Cal.4th 281, 3 Cal.Rptr .2d 81, 821 P.2d 585, 596 (1991); and the unedited transcript of the messages was lengthy, see Alcala v. Woodford, 334 F.3d 862, 877 (9th Cir.2003) (“Even relevant and reliable evidence can be excluded when the state interest is strong.” (internal quotation marks omitted)).
Nor did the Court of Appeal decide contrary to or unreasonably apply Supreme Court precedent in rejecting Stringer’s five claims of instructional error and *385 related ineffective assistance of counsel claim. See Estelle v. McGuire, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (“The only question for us is whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.”); Prantil v. California, 843 F.2d 314, 317 (9th Cir. 1988) (“To warrant habeas relief, the instruction cannot be merely undesirable, erroneous, or even universally condemned, but must violate some due process right guaranteed by the fourteenth amendment.” (internal quotation marks omitted)).
Although we certify as reasonably debatable Stringer’s claim of jury misconduct, we also reject this claim.[5] During trial, the bailiff informed the court that three female jurors felt uncomfortable because of Stringer’s inappropriate eye contact with them. The trial court conducted a thorough investigation into whether the jurors could remain neutral and took the jurors “at their word” that they had not become biased as a result of the eye contact. Moreover, even if the jurors’ behavior constituted misconduct, Stringer failed to show that the alleged error “had substantial and injurious effect or influence in determining the jury’s verdict.” Brecht v. Abrahamson, 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (internal quotation marks omitted). We therefore conclude that the Court of Appeal’s rejection of Stringer’s juror misconduct claim was not contrary to nor an objectively unreasonable application of Turner v. Louisiana, 379 U.S. 466, 470-74, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965), or any other Supreme Court precedent, nor was it based on an unreasonable determination of the facts in light of the evidence presented.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The California Court of Appeal observed that, contrary to the trial court’s oral pronouncement of judgment, the abstract of judgment listed one of Stringer’s enhancements as consecutive, rather than concurrent, making Stringer's total sentence twenty-seven years to life. The Court of Appeal concluded, in accordance with state law, that the oral pronouncement controls. See People v. Mesa, 14 Cal.3d 466, 121 Cal.Rptr. 473, 535 P.2d 337, 340-41 (1975). The district court stated without discussion that Stringer was sentenced to twenty-seven years to life. The government did the same in its brief. Although this issue is not relevant to the appeal, we note that the district court mistakenly stated the length of Stringer’s sentence as twenty-seven years to life, rather than seventeen years to life.

. Stringer has not rebutted the factual findings of the Court of Appeal by clear and convincing evidence, so those findings must be presumed correct. 28 U.S.C. § 2254(e)(1); see Slovik v. Yates, 545 F.3d 1181, 1183 n. 1 (9th Cir.2008).

. Although the Court of Appeal did not cite Jackson, it did cite several California cases that in turn cite Jackson. In any event, the state court need not cite the relevant Supreme Court cases, or even be aware of them, "so long as neither the reasoning nor the result of the state-court decision contradicts them.” Early v. Packer, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam).

. The rule set forth in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), does not apply retroactively on collateral review. See Whorton v. Bockting, 549 U.S. 406, 127 S.Ct. 1173, 1184, 167 L.Ed.2d 1 (2007), rev’g Bockting v. Bayer, 399 F.3d 1010, amended by 408 F.3d 1127 (9th Cir.2005).

. The district court certified four issues, and Stringer raised a fifth, uncertified issue. Stringer raised this issue at each prior stage of his case but failed to include it in his Request for Certificate of Appealability. Because the issue has been fully briefed by both parties, we grant Stringer’s request to certify it. See 28 U.S.C. § 2253(c); see also Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).